**UNITED STATES of America,**
**Appellee,**

v.

**Eddy SEVERINO; Roberto Richards; Alexis Rosario; Manuel Rosario; Anselmo Severino, also known as Anselmo Duran; Manuel G. Vargas, Defendants,**

**Fedis PERALTA, also known**
**as Nicholas Montanez,**
**Defendant–Appellant.**

**No. 02–1570.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Timothy J. Treanor, Assistant United States Attorney, for James B. Comey,

United States Attorney for the Southern District of New York (Gary Stein, Assistant United States Attorney), for Appellee, of counsel.

Norman Trabulus, Garden City, NY, for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. BARRINGTON D. PARKER, Jr., and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Fedis Peralta appeals from a sentence imposed by the United States District Court for the Southern District of New York (Jones *J.*, presiding), following his conviction by guilty plea. Peralta—a packager in a heroin mill from 1999 until his arrest in 2001—was convicted of one count of participating in a conspiracy to distribute, and possess with intent to distribute, heroin, in violation of 21 U.S.C. § 846, and sentenced principally to a term of 108 months' imprisonment, which was the lower limit of the applicable and stipulated Guidelines range.

On appeal, Peralta argues that it was error to refuse to grant him a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). There is some question, on the facts of this case, as to the proper standard of review of the district court's denial of a minor role adjustment. Regardless of which standard we apply, however, the defendant's claim fails. Whether or not the role of a packager is akin to the role of one who transports or stores drugs, as defendant asserts, we have made it plain that even a courier is not automatically entitled to a minor role adjustment. *United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990). Factors such as "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enter-

prise" may be considered. *Id.* Here, evidence was presented that suggests that Peralta had packaged heroin for street sale for many years, and that he had occupied this role for much longer than several other members of the conspiracy. The district court was thus within its discretion to deny the minor role adjustment.

Because the merits are so easily dealt with, we need not concern ourselves with the applicability of the waiver provisions of Peralta's plea agreement, or with whether Peralta can argue on appeal for a role adjustment he agreed not to request at the sentencing stage. We have considered all of appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.